## F. A. HAISCH v. C. L. COULTER.[1]

February 6, 1920.

No. 21,624.

**Vacating judgment by default.**

    An order opening a default judgment and permitting defendant to answer *held* not an abuse of discretion.

[1]Reported in 176 N. W. 155.

Action in the district court for Hennepin county to recover $1,000 upon a promissory note. From an order, Bardwell, J., setting aside a judgment entered by default in favor of plaintiff for $1,035.67, plaintiff appealed. Affirmed.

*George R. Smith, H. Stanley Hanson* and *Leo J. Gleason,* for appellant.

*S. H. Cranmer,* for respondent.

BROWN, C. J.

The summons in this action was served on June 6, 1919, and the time to answer expired on June 26. The time was extended to July 6 by stipulation of the parties. Defendant had employed an attorney and on the facts given to him by defendant the attorney had prepared an answer, but, by reason of pressure of office work, neglected to serve it within the time fixed by the stipulation. The attorney discovered the failure to serve the answer on the morning of July 9, three days late, and then took it to the office of the attorneys for plaintiff and tendered a copy to them. They refused to accept service, for the reason that application for default judgment had been made. Defendant's attorney then made an affidavit of the facts, in excuse of his failure to serve the answer in time, stating therein that defendant had a good defense to the action on the merits, and that the failure to serve the answer was due wholly to reasons above stated. Thereupon the court below granted an order to show cause why the default should not be removed with the right of defendant to serve his answer. The order to show cause was so issued on July 9, and at the time thereof no judgment in the action had been rendered. Application therefor had been made, however, and it was duly rendered later on that day. On the hearing of the order to show cause, the relief asked for by defendant was granted and plaintiff appealed.

We discover from the record no sufficient reason for holding that the order granting the relief was an abuse of judicial discretion. It is true that there was no affidavit of merits by defendant, but that was a matter for the consideration of the trial court. Such an affidavit is not indispensable. The answer prepared by the attorney stated a good defense to the action. In the preparation thereof he necessarily conferred with defendant and examined whatever records were pertinent to the facts in the

case, and, in his affidavit to be relieved from a default, states that defendant has a good and substantial defense on the merits. The case in this respect comes fairly within the rule stated and applied in Grady v. Maurice L. Rothschild & Co. supra, page 74, which we follow and apply.

Order affirmed.